# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINE M. PIRTLE, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:23-cv-00577 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CHRISTINE M. PIRTLE ("Plaintiff"), by and through the undersigned, complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

### PARTIES

1

4. Plaintiff is a natural person over 18 years-of-age and, at all times relevant, resided in Lancaster, Ohio, within the Southern District of Ohio.

5. Defendant is a third-party debt collector collecting debts from consumers across the country, including from those in the state of Ohio. Defendant is a limited liability company organized and existing under the laws of Virginia with its principal place of business located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## Facts Supporting Causes of Action

7. The instant action arises out of the nature of Defendant's attempt to collect on a purported defaulted Synchrony Bank debt ("subject consumer debt") in the amount of or about $683.00, allegedly owed by Plaintiff, which was used for personal, family, and household purposes.

8. Based on information and belief, sometime after Plaintiff defaulted on the subject consumer debt, it was charged-off and placed with Defendant for collection purposes.

9. Early in the year 2022, Defendant called Plaintiff on her personal cellular phone number, (380) XXX-1608, seeking payment for the subject consumer debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the number ending in -1608. Plaintiff is, and always has been, financially responsible for the phone and its services.

11. Defendant has used a variety of numbers when placing calls to Plaintiff, including, but not limited to, (984) 237-1019, (252) 658-3092, and (866) 454-5974. Upon information and belief, Defendant has used other numbers as well.

12. Upon information and belief, Defendant regularly utilizes the above-mentioned phone numbers for its collection activities.

13. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject consumer debt.

14. During many of Defendant's calls to Plaintiff, Plaintiff demanded that Defendant take him off their list and cease in contacting him further.

15. Despite Plaintiff's demands to cease contacting him, Defendant continued to repeatedly call Plaintiff, seeking payment for the subject consumer debt.

16. Plaintiff was forced to repeat her demands that Defendant's contacts cease on a number of occasions, yet Defendant's phone calls persisted nonetheless.

17. Plaintiff has received numerous repeated phone calls from Defendant since demanding that its harassing phone calls cease.

18. Defendant has systematically varied the phone numbers from which it uses to call Plaintiff in a conscious attempt to coerce Plaintiff into answering its calls and addressing the subject consumer debt.

19. Frustrated with Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, money, and resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, aggravation, emotional distress, being the target of unwanted collection efforts, and a further violation of her federally-protected interests to be free from harassing and deceptive collection conduct – interests which were materially harmed as a result of Defendant's false, deceptive, and misleading conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or in attempting to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

26. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5), as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d and 12 C.F.R. § 1006.14.

27. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including

4

"[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

29. Defendant violated §§ 1692d, 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h) through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified defendant orally that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such a medium of communication in its efforts to collect the subject consumer debt from Plaintiff – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

   **b. Violations of 15 U.S.C § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

32. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through her cellular phone despite Plaintiff having made Defendant aware such communications were unwanted and needed to cease. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

      c. **Violations of FDCPA § 1692f**

33. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite her repeated demands that such contacts cease.

WHEREFORE, Plaintiff, CHRISTINE M. PIRTLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: February 9, 2023                                     Respectfully submitted,

s/ Chad W. Eisenback
Chad W. Eisenback
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (312) 313-1613
Facsimile: (630) 575-8188
ceisenback@sulaimanlaw.com